Filed 10/8/14  P. v. Rascon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C074980 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F4343) |
| v. | |
| JOSE RASCON, | |
| Defendant and Appellant. | |

Defendant Jose Rascon was convicted of escaping from state prison without force or violence.  (Pen. Code, § 4530, subd. (b).)[1]  He admitted two strike convictions for purposes of the "three strikes" law.  (§§ 667, subds. (b)-(i), 1170.12.)  He also admitted having served five prior prison terms, one of which was subsequently dismissed on the People's motion.  (§ 667.5, subd. (b).)

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

Prior to sentencing, defendant filed a motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) asking the trial court to dismiss his prior strike convictions.  The trial court denied the motion.

On appeal, defendant contends the trial court abused its discretion in denying his *Romero* motion.  Finding no error, we affirm the judgment.

## BACKGROUND

Defendant was an inmate at the Sugar Pine Conservation Camp (SPCC), a fire camp operated by the California Department of Corrections and Rehabilitation (CDCR). On the morning of April 28, 2012, Captain Dennis Lange of the Department of Forestry and Fire Protection spotted two individuals, in inmate clothing, running across a road outside of the camp perimeter.  Captain Lange returned to camp and reported the sighting to Sergeant Thomas Bainbridge of the CDCR.

Sergeant Bainbridge immediately ordered an emergency head count of all the camp's inmates.  The head count revealed that defendant and another inmate were missing.

Sergeant Bainbridge also asked Captain Lange to return to the area where he had seen the individuals running.  On his way there, Captain Lange encountered defendant walking down the road in the direction of the camp.

A short time later, Sergeant Bainbridge observed defendant approximately 150 yards outside the camp perimeter.  Sergeant Bainbridge found the second missing inmate nearby.  Both inmates were taken into custody without incident.[2]

Defendant was charged with escape from custody, a felony.  (§ 4530, subd. (b).) The complaint (later deemed an information) alleged two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12) for first degree burglary (§ 459) in 1996 and 2009.  The

---

[2]  We note that defendant was scheduled to be released on December 6, 2012, less than eight months from the time of the incident.

2

complaint also alleged five prior prison terms (§ 667.5, subd. (b)) arising from (1) a 1996 burglary conviction (§ 459), (2) a 1997 conviction for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), (3) a 2000 conviction for possession of a controlled substance (*ibid.*), (4) a 2005 conviction for possession of a controlled substance for sale (Health & Saf. Code, § 11378), and (5) the 2009 burglary conviction (§ 459) for which defendant was serving time at SPCC. Defendant waived his constitutional rights and admitted all of the prior conviction allegations at the beginning of trial. A jury found defendant guilty of escape from custody following a two-day trial.

Prior to sentencing, defendant filed a *Romero* motion asking the trial court to strike his prior strike convictions on the grounds that (1) the 1996 burglary conviction was temporally remote and the 2009 burglary, while not as remote, was still four years old; (2) the current offense was "far less serious than the prior strike offenses, both being burglaries"; and (3) the remaining prior convictions were nonviolent and mostly drug related.[3] The People opposed the motion, emphasizing that defendant had suffered numerous felony convictions since 1996 and had committed another felony offense while in custody.[4] The trial court heard oral argument and denied the motion, noting: "I could strike your strike. I know I have that authority, that discretion. But I clearly wouldn't be following the law if I did that. . . . Because you really don't fall outside the spirit of the

---

[3] Defendant also argued that application of the three strikes law would result in a disproportionate sentence which would violate the prohibitions on cruel and unusual punishment in the United States Constitution (U.S. Const., 8th & 14th Amends.) and California Constitution (Cal. Const., art. I, § 17). Defendant does not renew these arguments on appeal.

[4] The record is unclear as to how many convictions defendant has suffered. The People's opposition to defendant's *Romero* motion claims that defendant suffered 11 prior felony convictions since 1996. However, the probation officer's report indicates that defendant suffered seven prior felony convictions during the same period. For purposes of analysis, we shall assume that defendant suffered seven prior felony convictions between 1996 and the time of sentencing.

three strikes law.  As a matter of fact, you fall in the center of the bull's eye as far as I can [t]ell that the people -- the voters in this state were intending to target when they passed that law almost 20 years ago by now."

Defendant was then sentenced to an aggravated term of three years, doubled for the burglary convictions pursuant to section 1170.12, plus one year for each of the four prior prison terms, for an aggregate sentence of 10 years in state prison.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant's sole argument on appeal is that the trial court abused its discretion by denying his motion to strike his prior strike convictions pursuant to *Romero*.  He claims that the nonviolent nature of the present offense, the nonviolent nature of his prior offenses, and the passage of time since his 1996 burglary conviction all place him outside the spirit of the three strikes law.  We disagree.

Section 1385 gives the trial court authority, on its own motion or upon application of the prosecution "and in furtherance of justice," to order an action dismissed.  (§ 1385, subd. (a).)  In *Romero*, the California Supreme Court held that section 1385 permits a trial court to strike or vacate a prior strike for purposes of sentencing under the three strikes law, "subject, however, to strict compliance with the provisions of section 1385 and to review for abuse of discretion."  (*Romero*, *supra*, 13 Cal.4th at p. 504.)  Thus, a trial court's "failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard."  (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).)

In ruling on a *Romero* motion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence

4

should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).)

Dismissal of a strike is a departure from the sentencing norm. Therefore, in reviewing a *Romero* decision, we will not reverse for abuse of discretion unless the defendant shows the decision was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.) Reversal is justified where the trial court was unaware of its discretion to strike a prior strike or refused to do so for impermissible reasons. (*Id*. at p. 378.) But where the trial court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation]." (*Ibid*.)

## A.    Nature of Current Offense

Defendant argues that the current offense, "escape from a prison camp, was a non-violent crime which was minor in nature." While recognizing that "his behavior was clearly unlawful," defendant emphasizes that "he posed no threat to others and was not attempting [to] avoid serving the balance of his term of imprisonment."

There is nothing in the record to suggest that the trial court failed to consider the nature of the current offense. The fact that the current offense was nonviolent does not mandate the granting of a *Romero* motion. (See *People v. Strong* (2001) 87 Cal.App.4th 328, 344 [reversing order granting *Romero* motion based on nonviolent nature of current offense because "the nonviolent or nonthreatening nature of the felony cannot alone take the crime outside the spirit of the law"]; see also *People v. Poslof* (2005) 126 Cal.App.4th 92, 108-109 [even though current crime, failing to register as sex offender, was nonviolent, denial of *Romero* motion was not an abuse of discretion]; *People v. Gaston* (1999) 74 Cal.App.4th 310, 321 (*Gaston*) [although current crime of car theft was "not as serious as many felonies," it was "far from trivial"].)

5

Furthermore, defendant committed the current offense while serving time for his 2009 burglary conviction. During the trial, the People presented evidence that all inmates, including defendant, were regularly advised of the camp's boundaries and warned of the consequences for exceeding them. The People also presented evidence that two bags containing contraband (alcohol, marijuana, tobacco, cell phones and other prohibited items) were discovered near the area where Captain Lange first spotted the individuals running in inmate attire. Based on these facts, which were undisputed, the trial court could reasonably conclude that defendant was unwilling to live within the letter of the law, even while in custody. Thus, the nature of the current offense supports the trial court's denial of defendant's *Romero* motion.

Defendant relies on *People v. Garcia* (1999) 20 Cal.4th 490, 499 for the proposition that "[a] court might . . . be justified in striking prior conviction allegations with respect to a relatively minor current felony, while considering those prior convictions with respect to a serious or violent current felony." However, *Garcia* merely recognizes that the trial court has discretion to strike priors on a count-by-count basis and may exercise that discretion with respect to a "relatively minor current felony." (*Ibid*.) Here, the trial court was clearly aware of its discretion to strike defendant's prior burglary convictions but found no grounds for doing so. As we have shown, the trial court's determination was not arbitrary or irrational.

### B.     Nature of Past Offenses

Next, defendant suggests the trial court abused its discretion by refusing to strike his burglary convictions, "one of which was 17 years old at the time of sentencing in the case at hand." However, the mere fact that a strike is remote in time is insufficient to grant a *Romero* motion where, as here, the defendant has engaged in consistent criminal activity over the intervening years. (*Williams*, *supra*, 17 Cal.4th at p. 163 [13 years between strike and present offense "not significant" because defendant "did not refrain from criminal activity during that span of time, and he did not add maturity to age"];

6

*Gaston, supra,* 74 Cal.App.4th at pp. 320-321 [remoteness of strike priors not significant in light of "unrelenting record of recidivism" and failure to lead crime-free life in intervening years].)

Although defendant's 1996 burglary conviction was 17 years old at the time of sentencing, he had hardly led a crime-free life in the intervening years. He was convicted of possession of a controlled substance in 1997 and again in 2000. He was convicted of unlawful carrying and possession of a weapon (a dirk or dagger) and possession of a controlled substance for sale in 2005. He was convicted of possession of a controlled substance and first degree burglary in 2009. Thus, defendant had accumulated at least seven felony convictions in 17 years at the time of sentencing. Under the circumstances, and considering that defendant also served several prison terms during this period (and continued to offend while in custody), the trial court cannot be said to have abused its discretion by refusing to strike the 1996 burglary conviction as remote.

Defendant also observes that his "criminal record reflects a substance abuse problem which he was successfully addressing at the prison camp." "However, drug addiction is not necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment." (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511.) The record indicates that defendant, now age 41, has been using methamphetamine regularly since the age of 18. Although his recent efforts to seek treatment are commendable, they do not relieve him from the operation of the three strikes law. Thus, the nature of defendant's past offenses also supports the trial court's denial of the *Romero* motion.

Defendant contends the trial court's denial of his *Romero* motion violated his constitutional right to due process. But the denial of defendant's *Romero* motion was not an abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at pp. 376-377.) It follows that there was no violation of defendant's due process rights. (See *In re Large* (2007) 41 Cal.4th 538, 550.)

**DISPOSITION**

The judgment is affirmed.

                                          RAYE            , P. J.

We concur:

       NICHOLSON      , J.

       HOCH           , J.