Filed 5/13/15  P. v. Keeler CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C075972 |
| Plaintiff and Respondent, | (Super. Ct. No. 62123137) |
| v. | |
| BRETT MICHAEL KEELER, | |
| Defendant and Appellant. | |

Defendant Brett Michael Keeler, thrice convicted of driving under the influence of alcohol (DUI), was arrested yet again for the same offense while on parole for a prior strike conviction. He appeals from his conviction of driving under the influence with a prior felony DUI (Veh. Code, §§ 23152, subd. (a), 23550.5) and driving with a suspended license (Veh. Code, § 14601.2, subd. (a)). The jury found true an allegation that defendant refused to take a chemical test. (Veh. Code, § 23577.) The trial court found true allegations that defendant had three prior DUI convictions (Veh. Code, § 23350), two prior felony DUI convictions within the last 10 years (Veh. Code, § 23550.5, subd. (a)(1), (2)), a serious or violent felony conviction (Pen. Code, §§ 667, subds. (b)-(i),

1

1170.12, subds. (a)-(d)), and three felony convictions that resulted in prison terms (Pen. Code, § 667.5, subd. (b)), including a hit and run conviction in the State of Washington involving the death of a bicycle rider. The court further found defendant was ineligible for probation. (Pen. Code, § 1203, subd. (e)(4).)

Notwithstanding his prior criminal record, prior failure to seek help for his alcoholism, and lack of cooperation in the investigation of the crash resulting from his DUI, defendant insists that he should be considered outside the spirit of the "three strikes" law because his offenses were nonviolent and relatively minor products of his alcohol addiction; the trial court therefore abused its discretion in refusing to strike his prior strike conviction. We disagree and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Brent Hilz was soliciting customers for a windshield repair business at a gas station in Placer County on the afternoon of July 3, 2013. He saw a man, later identified as defendant, pull into the station in a pickup truck. Defendant stumbled as he stepped out of his truck and then walked unsteadily into the station's convenience store. Hilz noticed the smell of alcohol as defendant passed by.

A short time later, defendant left the store and started pumping gas. Hilz watched as defendant lost his balance and fell against a gas pump. When defendant got into his truck to drive away, Hilz called 911 and reported that defendant was driving under the influence.

Placer County Sheriff's Deputy Christopher Carlton was dispatched to the gas station in response to Hilz's 911 call. While en route, Deputy Carlton received a report of a crash involving a pickup truck matching the description of the truck from the gas station.

Deputy Carlton arrived at the scene of the crash and found defendant in the driver's seat of the truck. Inside the truck, Deputy Carlton saw several beer bottles. He noticed that defendant smelled strongly of alcohol, his speech was slow and slurred, and

2

his eyes were bloodshot and watery. Based on his training and experience, Deputy Carlton formed the opinion that defendant was incapable of operating a motor vehicle safely.

California Highway Patrol Officer Michael Spitzer arrived at the crash scene, spoke to Deputy Carlton, and took over the investigation. Officer Spitzer then spoke to defendant, who was seated in Deputy Carlton's patrol car. Officer Spitzer smelled alcohol and noticed that defendant's speech was slurred and his eyes were bloodshot and watery. Officer Spitzer also determined that defendant's license was suspended.

Defendant was taken to the hospital with minor injuries. At the hospital, defendant was examined by Dr. Michael Ridgeway, who observed that defendant "smelled heavily of alcohol" and exhibited "a depressed level of consciousness." Dr. Ridgeway ordered blood tests, which later revealed defendant had alcohol in his system.

Following further investigation at the scene, Officer Spitzer went to the hospital and resumed his conversation with defendant. At the hospital, defendant claimed he had not had anything to drink, but he refused to take any chemical or field sobriety tests. Because defendant continued to exhibit physical symptoms of intoxication, Officer Spitzer concluded that defendant was unable to safely operate a vehicle and placed him under arrest.

Defendant was charged by information with felony DUI with a prior felony DUI conviction (Veh. Code, §§ 23152, subd. (a), 23550.5; count one) and driving with a suspended license (Veh. Code, § 14601.2, subd. (a); count two). With respect to count one, the information further alleged that defendant had three prior DUI convictions (Veh. Code, § 23350), two prior felony DUI convictions within the last 10 years (Veh. Code, § 23550.5), a serious or violent felony conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), three felony convictions that resulted in prison terms (Pen. Code, § 667.5, subd. (b)); refused to take a chemical test (Veh. Code, § 23577); and was

3

ineligible for probation (Pen. Code, § 1203, subd. (e)(4)). Defendant pleaded not guilty and denied the special allegations.

Four days after trial commenced, a jury found defendant guilty on all counts. The jury also found that defendant refused to take a chemical test. In a bifurcated proceeding, the trial court found all of the allegations pertaining to defendant's prior convictions to be true.

Prior to sentencing, defendant filed a *Romero* motion[1] asking the trial court to strike his prior strike conviction for battery with serious bodily injury (Pen. Code, § 243, subd. (d)) on the grounds that all of defendant's prior convictions, including the strike, were the result of his alcohol dependency, for which he was now willing to seek treatment. The trial court denied the motion, stating:

"In reaching a decision, the Court has carefully reviewed the following materials: One, the defendant's Romero motion filed January 7th, 2014; the People's sentencing memorandum filed November 6th, 2013; the probation report in this case; the arguments and comments of the attorneys made in court; and all evidence presented during the trial in this matter.

"In this case, the Court must determine whether the defendant may be deemed to be outside the spirit of the three strikes law in whole or in part in light of the nature and circumstances of the defendant's present felonies and the prior strike conviction and the particulars of his background, character and prospects. In doing so, the Court has considered the factors and guidelines set forth in the cases of People vs. Williams [(1998)] 17 Cal.4th 148, and People vs. [Superior Court (]Romero[)], a 1996 case, 13 Cal.4th 497.

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

4

"The Court has also considered the constitutional rights of the defendant, the rights of society to be protected from potential future criminal acts of the defendant, and the purpose of the three strikes law.

"Specifically, the Court makes the following findings:  Regarding the nature and circumstances of the present felony, the Court finds the current felony did not involve violence.  The Court finds the current felony, though, is serious since it did involve a crash, while under the influence of alcohol, of a vehicle.  The Court takes into consideration and finds the defendant was mostly not cooperative in this case.  The Court takes into consideration that the defendant was on parole at the time of the current offense.

"Regarding the nature and circumstances of the prior strike, the Court takes into consideration that the strike conviction was from 2011; the conduct that led to the conviction occurred in 2008.  The Court finds that the Court -- the strike did involve violence, and that the strike arose from a single act.

"The Court also takes into consideration the defendant's past criminal record which consists of the following:  A 1990 hit and run from the state of Washington, a felony, which resulted in the death of a bicycle rider; 1996, false impersonation, felony, in California -- the rest of the convictions are California -- year 2000, a violation of Vehicle Code Section 14601.2, driving on a suspended license and vandalism, misdemeanors; 2002, another misdemeanor, conviction for driving on a suspended license; from 2002, another conviction for driving -- a third conviction -- I'm sorry -- a second conviction in 2002 for driving on a suspended license, misdemeanor; 2005, a reckless driving conviction as a misdemeanor; 2010, a violation of Vehicle Code Section[s] 23153 and 20001, which is a hit-and-run with a vehicle and driving under the influence causing injury, both felonies; also from 2010, another conviction of driving under the influence causing injury while driving on a suspended license; in 2011, a violation of Penal Code Section 243(d), battery, causing serious bodily injury.

5

"The Court finds that this criminal history is very serious, and that I think the defendant poses a very serious risk to injuring people in the public. It has already occurred. The Court finds the defendant has a history of conduct which injures members of society, and I also find the defendant has an alcohol problem, and he has indicated that he is willing to -- and desires to take care of that alcohol problem. I have taken in and factored all of these issues.

"I also take into fact -- into consideration the facts regarding the defendant's background, character and prospects, including the fact that the defendant is approximately 49 years old, he does not appear to have any significant health problems, other than an alcohol, substance abuse problem. I find that the -- based on the history that I've reviewed, I think the prospects, though, from an objective point of view of the defendant leading a crime-free life in the community is troubling. And I do also find that the defendant has been gainfully employed when he's out of custody, so I have taken into account all factors on all sides.

"After careful consideration of all of the above-mentioned factors, the Court finds, in light of the nature and circumstances of the defendant's present felony and prior strikes and the particulars of his background, character and prospects, and what the Court considers a just result, the -- the defendant's current strike will remain, and the Court finds that the defendant's current criminal offense falls within the spirit of the three strikes law. Accordingly, the Court denies the motion to dismiss a strike and declines -- or denies the Romero motion." The trial court then sentenced defendant to an aggregate term of seven years in state prison (the upper term of three years, doubled for the strike prior, plus one year for the prior prison term).

Defendant filed a timely notice of appeal.

## DISCUSSION

On appeal, defendant contends the trial court abused its discretion by denying his motion to strike his prior strike conviction pursuant to *Romero*. We disagree.

6

Penal Code section 1385 gives the trial court authority, on its own motion or upon application of the prosecution "and in furtherance of justice," to order an action dismissed. (§ 1385, subd. (a).) In *Romero*, the California Supreme Court held that a trial court may use section 1385 to strike or vacate a prior strike for purposes of sentencing under the three strikes law, "subject, however, to strict compliance with the provisions of section 1385 and to review for abuse of discretion." (*Romero, supra*, 13 Cal.4th at p. 504.) Thus, a trial court's "failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).)

In ruling on a *Romero* motion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Dismissal of a strike is a departure from the sentencing norm. Therefore, in reviewing a *Romero* decision, we will not reverse for abuse of discretion unless the defendant shows the decision was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra*, 33 Cal.4th at p. 377.) Reversal is justified where the trial court was unaware of its discretion to strike a prior strike or refused to do so for impermissible reasons. (*Id.* at p. 378.) But where the trial court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation]." (*Ibid.*)

Defendant argues that the trial court abused its discretion by failing to give due consideration to "a constellation of mitigating factors" that, in defendant's view, weighed in favor of striking the prior strike conviction. Specifically, defendant claims the trial

7

court failed to appreciate the nonviolent nature of the current offense and his ongoing struggle with alcohol addiction. However, the record reveals that the trial court carefully considered all of the relevant factors, including the nonviolent nature of the current offense and defendant's struggle with alcohol addiction.

In any event, the fact that the current offenses were nonviolent does not mandate the granting of a *Romero* motion. (See *People v. Strong* (2001) 87 Cal.App.4th 328, 344 [reversing order granting *Romero* motion based on nonviolent nature of current offense because "the nonviolent or nonthreatening nature of the felony cannot alone take the crime outside the spirit of the law"]; see also *People v. Poslof* (2005) 126 Cal.App.4th 92, 108-109 [even though current crime, failing to register as sex offender, was nonviolent, denial of the *Romero* motion was not an abuse of discretion]; *People v. Gaston* (1999) 74 Cal.App.4th 310, 321 (*Gaston*) [although current crime of car theft was "not as serious as many felonies," it was "far from trivial"].)

Furthermore, defendant's current offenses, though nonviolent, were nonetheless quite serious. (*Gaston, supra*, 74 Cal.App.4th at p. 315.) Defendant was involved in a DUI accident while on parole for a prior strike conviction. Although no one was injured (other than defendant, who suffered minor injuries), defendant demonstrated a disturbing disregard for the lives and safety of others when he got behind the wheel. To make matters worse, he was largely uncooperative in the ensuing investigation, suggesting an unwillingness to take responsibility for his actions. Based on these facts, the trial court could reasonably conclude that defendant poses a serious danger to the community, particularly in light of his lengthy history of unlawful driving and DUI offenses. On this record, the fact that defendant's current offenses were nonviolent does not take him outside of the spirit of the three strikes law.

Defendant relies on *People v. Garcia* (1999) 20 Cal.4th 490, 499 for the proposition that "[a] court might . . . be justified in striking prior conviction allegations with respect to a relatively minor current felony, while considering those prior

convictions with respect to a serious or violent current felony." However, *Garcia* merely recognizes that the trial court has discretion to strike priors on a count-by-count basis and may exercise that discretion with respect to a "relatively minor current felony." (*Ibid.*) Here, the trial court was clearly aware of its discretion to strike defendant's prior battery conviction but found no grounds for doing so. As we have shown, the trial court's determination was not arbitrary or irrational.

Defendant also argues that the trial court failed to fully consider his alcohol addiction. However, drug or alcohol addiction "is not necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment." (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511 (*Martinez*).) Here, the record indicates that defendant, age 49, began drinking when he was 16 years old. There is nothing in the record to suggest that defendant has ever sought treatment for alcohol addiction, despite his history of alcohol-related offenses.

Although defendant's recent efforts to seek treatment are commendable, they do not relieve him from the operation of the three strikes law. Furthermore, the trial court could reasonably conclude that defendant's prolonged alcohol abuse and his failure to seek treatment for more than 30 years suggest his prospects for rehabilitation are bleak. (*Gaston*, *supra*, 74 Cal.App.4th at p. 322; *Martinez*, *supra*, 71 Cal.App.4th at p. 1511; see also *In re Handa* (1985) 166 Cal.App.3d 966, 973-974 ["Drug use or drug addiction at the time of an offense is an example of a disputable factor in mitigation. The sentencing court may find that drug use did not significantly affect the defendant's capacity to exercise judgment or, in the case of an addiction of long standing, that the defendant was at fault for failing to take steps to break the addiction"].)

Finally, defendant contends "a significant prison term was still available to the court in the absence of the 'strike' conviction. It could have imposed a term as high as four years for an offense that was relatively minor." We reject defendant's characterization of the current offenses as "relatively minor." As we have discussed,

9

defendant's current offenses, though nonviolent, demonstrated a complete disregard for public safety.  Defendant's current offenses are particularly troubling in light of his criminal history, which includes a hit and run in which a bicyclist was killed and a DUI causing injury.  Under the circumstances, we cannot say that the trial court's carefully reasoned decision to deny the *Romero* motion was arbitrary or irrational.  Accordingly, we conclude there was no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

RAYE        , P. J.

We concur:

NICHOLSON      , J.

BUTZ        , J.

10