Filed 5/12/16  P. v. Williams CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F069913 |
| Plaintiff and Respondent, | (Super. Ct. No. 1458764) |
| v. | |
| PAMELA LYN WILLIAMS, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P.J., Gomes, J. and Poochigian, J.

Defendant Pamela Lyn Williams was convicted by jury trial of robbery (Pen. Code, § 211).[1] The trial court found various allegations true, including a prior strike conviction allegation (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). Defendant requested that the trial court strike her prior strike conviction pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). The court denied the request and sentenced her to a total of 14 years in prison as follows: three years, doubled to six years due to the prior strike conviction, plus a five-year enhancement for a prior serious felony (§ 667, subd. (a)), and a two-year enhancement for being out on bail when she committed the crime (§ 12022.1). On appeal, she contends the trial court abused its discretion in declining to dismiss her prior strike conviction. We affirm.

## FACTS

On April 22, 2013, at about 6:00 p.m., the victim and his friend entered a gas station store in Modesto. As they did, they noticed defendant sitting in the driver's seat of a car with three men standing around her open window. In the store, the victim bought two cans of beer, and then he and his friend left. As they walked past the car defendant was sitting in, she asked the victim what was going on and where the weed was. The victim said he was really busy and had to go. He continued walking. Defendant raised her voice and repeatedly asked the victim why he was being so rude. The victim answered he was not being rude, but was just in a hurry.

As the victim and his friend continued walking, defendant started the car and pulled directly in front of the victim. When he turned to walk the other direction, she backed up the car to stop him. Then she got out of the car and asked him why he was being so rude and what he had with him. She was aggressive and seemed irritated. She

---

[1] All statutory references are to the Penal Code unless otherwise noted.

came five or six inches from his face and said, "'Give me what you got, I want to know what you got.'" She started grabbing him, patting him down, and reaching into his pockets. He feared for his safety. While cursing and screaming at him, she snatched his wallet out of his hand, took his keys out of his jacket pocket, and grabbed the grocery bag containing the two beers he had just bought. She got back in the car and drove back toward the gas station.

At some point, she entered the gas station store and disposed of the victim's wallet behind a candy display. The wallet was recovered. When officers searched defendant's car, they found the victim's keys and two beers.

## DISCUSSION

### I.      Law

Section 1385 grants trial courts the discretion to dismiss a prior strike conviction if the dismissal is in furtherance of justice. (§ 1385, subd. (a); *Romero, supra*, 13 Cal.4th at pp. 529-530.)[2] A defendant bears the burden of clearly showing the trial court's decision not to do so was arbitrary or irrational. Absent such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives. (*Carmony, supra,* at pp. 376-377.)

"'A court's discretion to strike [or vacate] prior felony conviction allegations [or findings] in furtherance of justice is limited. Its exercise must proceed in strict compliance with … section 1385[, subdivision] (a).'" (*People v. Williams* (1998) 17 Cal.4th 148, 158.) The Three Strikes law "was intended to restrict courts' discretion in sentencing repeat offenders." (*Romero, supra,* 13 Cal.4th at p. 528; *People v. Garcia* (1999) 20 Cal.4th 490, 501 ["a primary purpose of the Three Strikes law was to restrict

---

**2** A defendant's request for this type of leniency is commonly referred to as a "*Romero* motion," although defendants do not actually have a right to make motions under section 1385, subdivision (a). (*People v. Carmony* (2004) 33 Cal.4th 367, 375, 379 (*Carmony*).)

judicial discretion"].)  The Three Strikes law establishes "'a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike,'" *unless* the sentencing court finds a reason for making an exception to this rule.  (*Carmony, supra,* 33 Cal.4th at p. 377.)  There are "stringent standards that sentencing courts must follow in order to find such an exception."  (*Ibid.*)  In order to dismiss a prior strike conviction, "the court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams, supra,* at p. 161.)

"[A] trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances.  For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation].  Moreover, 'the sentencing norms [established by the Three Strikes law may, as a matter of law,] produce [] an "arbitrary, capricious or patently absurd" result' under the specific facts of a particular case.  [Citation.]  [¶]  But '[i]t is not enough to show that reasonable people might disagree about whether to strike one or more' prior conviction allegations….  Because the circumstances must be 'extraordinary … by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary.  Of course, in such an extraordinary case—where the relevant factors … manifestly support the striking of a

4

prior conviction and no reasonable minds could differ—the failure to strike would constitute an abuse of discretion." (*Carmony, supra,* 33 Cal.4th at p. 378.)

## II.      Background

In 2001, defendant was convicted of first degree robbery (§ 212.5) and was granted three years' probation. In 2003, she was convicted of first degree burglary (§ 459) and was sentenced to two years in prison, doubled to four years due to her 2001 prior strike conviction. In 2007, she was convicted of petty theft with a prior (§ 666) and second degree burglary (§ 459), and was sentenced to two years in prison. In 2010, she was convicted of possession of stolen property (§ 496, subd. (d)) and was sentenced to 16 months in prison.[3]

In defendant's *Romero* motion, she argued that the current robbery included no violence, no threats, and no weapons. She further argued that her 2001 prior strike conviction was remote in time, and her more recent crimes had been theft and drug convictions that were not serious or violent.

The People's opposition listed defendant's criminal history (with no citation to the source of this information) as follows: A 2001 section 212.5 felony (the prior strike conviction), a 2002 section 240 misdemeanor, a 2003 section 459 felony, a 2007 section 23152 misdemeanor, a 2007 section 666 felony, a 2007 section 459 felony, a 2010 section 496 felony, a 2011 parole violation, a 2012 section 666 felony pending case, a 2013 section 11377 felony pending case, a 2013 section 666 felony pending case, and a 2013 section 4573.6 felony pending case.

The People argued that defendant had a long and continuous criminal record dating back to the 2001 strike conviction; had been convicted of four additional felonies with prison sentences; had been convicted of two misdemeanors, including driving under

---

[3]      The information in this paragraph is taken from documents from the section 969(b) package introduced to prove the prior conviction allegations.

the influence and assault; and had four currently pending felony cases, some of which had occurred since the current offense. Defendant had been in and out of prison, and she had led a continuous life of crime. Her continued criminal conduct showed she was unwilling or unable to refrain from illegal conduct for any significant time.

The People also noted that defendant's prior convictions were primarily theft related. In describing the 2001 robbery, the People cited a Modesto Police Report No. 01-9334 (which apparently is not part of our record), explaining:

> "Defendant and two other subjects forcibly entered the victim's residence by kicking open the front door to the residence. Once inside the residence Defendant had her hand in her jacket pocket mimicking holding a gun and told the victim, 'I'm gonna kill you bitch if you don't give me your shit.' As the other two subjects proceeded to go through the victim's residence and collect items to steal, Defendant pinned the victim down and punched the victim in the face several times. The officer noticed the victim had several bumps and bruises around the areas where the victim said Defendant punched her."

As for the current offense, the People noted that defendant's conduct involved violence in that she forcibly snatched the victim's wallet, keys, and groceries from the victim's hands and pocket.

At the hearing on the motion, both parties submitted on their moving papers.[4] The court then denied the motion as follows:

> "All right. Well, the Court had considered the motion by [defense counsel], and, you know, the Court did hear the evidence in this case.
>
> "The purpose of striking the serious felony prior, though, is certainly, as indicated by the People, the Court has this power because in certain—when Three-Strikes Law was passed, when the strike law was passed, some cases were being—defendants were being sentenced for life on stealing a stick of gum or something. So it's really important that the Court exercise its discretion wisely in these cases. When Court considers a

---

**4** Defendant did not object to or challenge the accuracy of the People's factual description of her criminal history or of her 2001 robbery, either in the trial court or here on appeal.

6

motion to strike a strike, I think looking at the facts of the case are important. But also looking at the defendant's prior criminal history and what the strike is for is very important.

"This case is a robbery case, the fact that we—the facts that we tried here. Well, you know, the Court has certainly seen more serious robbery cases where people have used more force, more violence and in this case, though, the charge is still robbery, and [defendant] was found guilty of the robbery charge. The strike offense that was proven here and the strike offense that we have before us is from 2001. So it is—it is older. It's some 13 years older. It is a robbery. I mean, so it's—while defendant did receive probation in that case, it's still a very similar type offense.

"Also, in looking at the defendant's criminal history, you can say that, well, gee, it's a real old offense, but if a person's been in and out of trouble or been in custody most of the time, a good portion of that time, it's not really that old of an offense. I mean, if someone commits an offense and is always in custody, then it doesn't really add much to say it's an old offense. I mean, you haven't been able to reoffend really, then.

"As indicated by the People, [defendant] does have quite a history here of continuing law violations and continued illegal conduct. And so much of this conduct includes theft offenses.

"So while, [defense counsel], your Motion to Strike is very well-written and you argued as best you can for your client, unfortunately, you can't change her criminal history, and you can't change that—those facts. I think it would be improper for this Court to strike the strike given [defendant's] criminal history here. And the People do point that out that, you know, [it would] almost be an abuse of discretion for the Court to do [that], because that's not the purpose of the Court's discretion in this Three-Strikes Law. The voters of this State wanted people to have more accountability when they have prior serious felonies in their record. And they give the Court the opportunity to strike those priors, but the Court has to use its discretion wisely, and I—I don't think that it would be [in the] interest of justice to strike the strike here given the continued criminal activity on the part of [defendant], and those are just the convictions here. Court's not even considering the fact that she has several other cases pending.

"So the motion by the defense to strike the strike is denied then."

III.     **Analysis**

7

On appeal, defendant contends the trial court abused its discretion in refusing to dismiss her 2001 strike conviction because it was remote in time and because her only other criminal history involved theft and drug convictions. She maintains that she has aged and matured considerably since the prior strike conviction, such that she is now significantly less likely to reoffend than in 2001. She claims the current offense did not involve assaultive contact or injury, but was caused by the victim's rebuke of her attempt to befriend him. She suggests that, although she was found competent to stand trial, "the recurrent air of doubt over her competency to stand trial evidences a history of mental illness which likely fueled her drug use and actions in this case." For these reasons, she believes she clearly falls outside the spirit of the Three Strikes law.

As we have observed before, this is not the extraordinary case imagined by *Carmony*, where there can be no doubt that the defendant, although a career criminal, nevertheless falls outside the spirit of the Three Strikes law. (*Carmony, supra,* 33 Cal.4th at p. 378.) Indeed, defendant's arguments find no support in the record, but rely instead on her fictional version of the record. Contrary to her claim, she obviously has not matured enough since her 2001 conviction to prevent her from reoffending because she has in fact reoffended many times since then. Furthermore, the evidence did not support her version of the current offense—her benevolent overture of friendship, followed by a cruel rebuff in response, which caused her to become confrontational, but not assaultive or violent.[5] According to the evidence, she aggressively pursued the victim, blocked his

_____

[5]　　Even if the offense had been nonviolent, this would not have mandated the granting of defendant's *Romero* motion. (See *People v. Strong* (2001) 87 Cal.App.4th 328, 344 [reversing order granting *Romero* motion based on nonviolent nature of current offense because "the nonviolent or nonthreatening nature of the felony cannot alone take the crime outside the spirit of the law"]; see also *People v. Poslof* (2005) 126 Cal.App.4th 92, 108-109 [current crime of failing to register as sex offender was nonviolent; denial of *Romero* motion was not abuse of discretion]; *People v. Gaston* (1999) 74 Cal.App.4th 310, 321 [current crime of car theft was "not as serious as many felonies" but was "far from trivial"].)

path with her car, physically assaulted him, and forcibly stripped him of his valuables. And finally, the record does not support defendant's claim of any current or historical mental illness. She was psychologically examined twice during this case, found mentally competent, and determined not to be mentally ill or have a history of mental illness. On October 3, 2013, a psychologist found that "defendant display[ed] no signs or symptoms of a severe mental disorder" and was "capable of understanding the nature and object of the proceedings against her and [was] capable of assisting counsel for her defense." On December 14, 2013, after reexamining defendant, the same psychologist stated: "As counsel suspected, [defendant] may have been under the influence of a controlled substance—Deputy Johnson thought she was yesterday when he had contact with her. Of course, she was recently caught with methamphetamine in her possession in custody—she's had access to methamphetamine. In any event, she is not mentally ill. She has never been mentally ill. Her problematic behaviors are not the product of a mental illness. She is capable of understanding the nature and object of the proceedings against her and is capable of assisting counsel for her defense."

In sum, defendant's criminal record demonstrates she has no intention of reforming, and continues to pose a serious danger to the community. We cannot say she falls outside the spirit of the Three Strikes law. The trial court did not abuse its discretion in refusing to dismiss the prior strike conviction.

### DISPOSITION

The judgment is affirmed.

9