Filed 7/22/16  P. v. Goodlow CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B265948 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA422433) |
| v. | |
| IVAN GOODLOW, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William N. Sterling, Judge.  Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Lance E. Winters, Assistant Attorneys General, Michael C. Keller and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Ivan Goodlow appeals from a 2015 judgment of conviction for second-degree robbery.  (Pen. Code, § 211.)[1]  He challenges the court's refusal to dismiss his 1999 prior strike conviction pursuant to section 1385.  We affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

In March 2014, defendant entered a Little Caesars Pizza restaurant and asked the cashier if she could give him change for the bus.  The cashier told defendant she could not open the register unless he made a purchase.  Defendant then asked for a soda.  He gave the cashier money for the soda, and she opened the register.  Defendant then said, "Give me the money," and jumped toward the register.  The cashier was afraid and ran to the back of the store for her safety.[2]  She testified at trial that she was not touched by defendant and did not see him display a weapon.  A witness who lived in a nearby apartment saw the defendant jump over a fence and run towards an apartment, where he sat down next to a planter and took money out of his pockets.  Police found him in a nearby apartment complex in a "trash" room.  In total, $70.38 was taken from the restaurant register.  Defendant had about two dollars in change in his pockets, and six dollars was found on the floor where he was laying down.  About 45 minutes after the robbery, the cashier identified defendant as the robber.

The jury found defendant guilty of second-degree robbery (§ 211).  Following the verdict, the court granted the prosecutor's motion to allege prior convictions for first-degree robbery in 2003 (§ 211), and first-degree burglary in 1999 (§ 459).  Each was charged as a prior strike pursuant to sections 667, subdivision (b) through (i) and 1170.12.  Defendant waived a jury with regard to these charges.  At a bench trial, the prosecution produced evidence of the 1999 and 2003 convictions.  The court found the prior conviction allegations to be true.  The court also found true the allegation that

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

[2] At trial, surveillance footage of the robbery was played for the jury.

defendant had served three prior prison terms within the meaning of section 667, subdivision (a)(1).

Subsequently, defendant moved to strike a prior conviction under *Romero*.[3] The court indicated that it was inclined to strike one of defendant's strikes. However, after the prosecutor elaborated on defendant's 2003 first-degree robbery conviction, the court requested a sentencing memorandum and continued the matter.

The prosecution submitted a sentencing memorandum in which it urged the court to sentence defendant to the maximum permissible confinement time, 36 years to life in state prison. The memorandum stressed defendant's criminal history, noting that defendant had been convicted of vehicle theft (Veh. Code, § 10851, subd. (a)) in 1995 and 1998, first-degree burglary (§ 459) in 1999, possessing a dangerous weapon (§ 12020, now 21310) in 2002, first-degree robbery (§ 211) in 2003, and, most recently, of two counts of vandalism (§ 594, subd. (a)). The prosecutor argued that defendant was ineligible for probation under section 667, subdivision (a)(1). The memorandum also pointed out that the present offense was committed while defendant was on probation supervision, and that the issuance of probationary grants and state prison commitments had not deterred defendant's behavior. It argued that defendant presented a threat to the property and safety of others.

Defendant filed a sentencing memorandum. In it, he argued that a sentence of 36 years to life for his conviction would constitute cruel and unusual punishment in violation of the Eighth Amendment. He also argued that the prosecution's sentencing memorandum failed to adequately or accurately address the aggravating and mitigating circumstances in this case.

As to the *Romero* motion, defendant argued that his background included a childhood fraught with extensive physical and emotional trauma, that he was born with crack cocaine in his system, and that he was removed from the care of his biological parents when he was about two years old due to their continuous drug and physical abuse.

---

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

He also said that his mother abused crack cocaine and alcohol at home and that he would take his sister to the park for her safety. At 14, defendant was the victim of sexual assault by an elder, which he never reported. He also claimed that his background included many years of untreated psychological and psychiatric issues along with a history of Post-Traumatic Stress Disorder, and that his future prospects included the possibility of a family support system, a job, appropriate mental health treatment and a law-abiding lifestyle.

The memorandum also argued that the nature of his prior strikes placed him outside the spirit of the Three Strikes law because the 2003 robbery conviction "involved no great violence, great bodily harm, actual use of a weapon or showing of great viciousness," and that his first-degree residential burglary conviction in 1999 should have been dismissed because he was 16 when he committed the offense, and it was a nonviolent strike.

The court denied defendant's motion. In reaching its conclusion, it recognized that the sentence would still be long even if one of the prior strikes was stricken, and considered defendant's life story, emotional problems, and intelligence.

Given defendant's behavior, the court concluded "he will continue to commit crime based on his history, the fact that he's already had a *Romero* motion granted, that he got out after a nine-year sentence and committed vandalism and was convicted and, you know, was put on probation, got out, and committed this offense, it strikes me that he will commit crimes of opportunity as a necessity as he feels is appropriate." The court summarized: "The whole point of the Three Strikes law is to protect the public. And I just don't think it's justifiable [to grant the *Romero* motion] given the entirety of his history, the horrendous nature of his prior—prior robbery conviction, the fact that he's already had a *Romero* motion granted, [and that this is his] second offense after being released from prison on the robbery."

Defendant was sentenced to a term of 25 years to life for the robbery, and two five-year terms pursuant to section 667, subdivision (a). The court struck defendant's

three prison priors for sentencing purposes only.  This timely appeal followed the judgment.

## DISCUSSION

Defendant argues that the trial court abused its discretion in refusing to dismiss his 1999 prior strike conviction of first-degree burglary because he is not within the spirt of the Three Strikes law.  We disagree.

Under section 1385, subdivision (a), "[t]he judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."  "[I]n furtherance of justice," the trial court may dismiss an allegation or vacate a finding that a prior serious or violent felony conviction qualifies as a strike under the Three Strike laws.  (*People v. Gaston* (1999) 74 Cal.App.4th 310, 314).

In reviewing a ruling to strike or vacate a prior serious felony conviction allegation or finding under the Three Strikes law pursuant to section 1385, subdivision (a), "the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

On appeal, we review the court's ruling under the abuse of discretion standard. (*Romero*, *supra*, 13 Cal.4th at p. 504.)  Although that standard "is deferential [,] . . . it is not empty." (*People v. Williams, supra,*17 Cal.4th at p. 162.)  Courts must follow stringent standards to find an exception to the Three Strikes law and, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)  The burden is on the party attacking the sentence to demonstrate that the sentencing decision is irrational or arbitrary; absent that showing, the court is presumed to have acted to

achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review. (*Ibid*).

Defendant argues that application of the *Williams* factors demonstrates that he is outside the spirit of the Three Strikes law. He contends that his 1999 burglary conviction, which did not involve harm to a person, is too remote to be considered because the crime was committed 18 years ago, in 1996, when he had just turned 16. The judge concluded that defendant's act as a minor was not of minimal importance because he continued acts of violence and theft into his adulthood.

Defendant's criminal history demonstrates that the trial court did not abuse its discretion. In *People v. DeGuzman* (1996) 49 Cal.App.4th 1049, 1054, the People cite, the refusal to dismiss a prior strike was affirmed in large part because of defendant's lengthy criminal history. Defendant's 1999 prior is still relevant in measuring his recidivism because he was on parole for that conviction when he committed the crime that led to his 2003 conviction. Indeed, he was still on parole for the 2003 offense when he committed the instant crime. And in sentencing for that crime, the trial court had granted a *Romero* motion. Yet defendant went on to commit acts of vandalism, and then the present offense. These facts demonstrate that defendant has failed to live a law abiding life after being given multiple opportunities to do so.

While the trial court was initially inclined to dismiss one of defendant's priors, that was before having a "full grasp" of the serious crimes defendant has committed. After learning more, the court found defendant's 2003 robbery to be particularly disturbing because defendant entered a residence, beat the victim, simulated a gun, and threatened his life. Abuse of discretion has not been shown.

The trial court thoroughly considered defendant's troubled background and future prospects. The record establishes that it appreciated the difficult life defendant had, his potential prospects, and the nature of his offenses, but ultimately stated that "the whole point of the Three Strikes law is to protect the public," and the court did not believe it was justifiable to grant the *Romero* motion given the entirety of defendant's history.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


COLLINS, J.

7