Filed 8/8/16  P. v. McDaniel CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C080729 |
| Plaintiff and Respondent, | (Super. Ct. No. P15CRF0077) |
| v. | |
| RANDALL SCOTT MCDANIEL, | |
| Defendant and Appellant. | |

A jury found defendant Randall Scott McDaniel guilty of willfully evading an officer and possessing methamphetamine and drug paraphernalia.  On appeal, he contends the trial court abused its discretion in denying his *Romero*[1] motion to strike his prior strike.  We disagree.

---

[1]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

1

BACKGROUND

A highway patrol officer spotted defendant driving, along with a passenger, in a stolen Subaru Forester.[2] The officer called for backup, and when it arrived, the officers attempted a traffic stop.

Defendant saw the highway patrol's flashing lights and accelerated. His passenger asked him to pull over so she could get out, but defendant did not stop. Defendant took the freeway exit and slowed to about 40 miles per hour. He then abruptly accelerated, ran a stop sign, and got back on the freeway. There, he drove at over 100 miles per hour, driving in an "[e]xtremely unsafe" manner "with no regard for [the] safety of anybody else on the road."

The officers finally stopped defendant by using a spike strip. Once apprehended, defendant said he had fled because he had a warrant and did not have a license. Inside the Subaru, the officers found methamphetamine, a spoon, and two syringes.

A jury found defendant guilty of willfully evading an officer, possessing a controlled substance, and possessing drug paraphernalia. But the jury acquitted him of unlawful driving or taking of a vehicle. The court found defendant had a prior strike for robbery in 1998 and had served four prior prison terms.

At sentencing, defendant moved to strike his prior strike. (Pen. Code, § 1385, subd (a); *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at p. 497.) He argued it was remote, having occurred 17 years ago. He had expressed remorse to the probation officer. He had five children and two grandchildren, motivating him to change his behavior. He could still, absent the strike, receive a substantial sentence of seven years. And he had been acquitted of the auto theft charge.

---

[2] Another person had stolen the Subaru three days earlier.

The trial court denied the motion, finding defendant within the spirit of the three strikes law: "There's not only the strike that [defendant] has. There's the felony 10851 [driving or taking of a vehicle]. There's a felony false imprisonment. There's a felony 2800.2, evading a peace officer, which is the exact offense we have here. So, clearly, this does not fall outside of the spirit of the three-strikes law, so I have to deny your motion."

The court imposed a 10-year aggregate term: the upper term of three years for evading an officer, doubled for the strike, plus one year each for his four prior prison terms.

## DISCUSSION

On appeal, defendant contends the trial court abused its discretion in denying his *Romero* motion. He argues his strike is remote in time. His criminal history is not exceptionally violent (his last violent offenses occurred over 10 years ago). His criminal history stemmed from his addiction. He would still receive a significant sentence absent the strike. And, he emphasizes, his current offense did not involve violence or intent to harm others. We conclude the trial court acted within its discretion in denying the motion.

The three strikes law " 'establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

A trial court properly exercises its discretion to strike a prior strike only if it finds that "in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in

3

whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

When a trial court declines to strike a prior strike, we review that decision for abuse of discretion. (*People v. Carmony*, *supra*, 33 Cal.4th at pp. 374-375.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) Reversal is justified where the court was unaware of its discretion to strike a prior strike, or refused to do so at least in part for impermissible reasons. (*Id.* at p. 378.) But where the court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the . . . ruling, even if we might have ruled differently in the first instance.' " (*Ibid.*)

Here, the trial court properly exercised its discretion. The court noted defendant fell within the spirit of the three strikes law having not only the strike, but prior felonies for vehicle theft, false imprisonment, and evading a peace officer -- the same offense he was being sentenced for.

Indeed, while defendant's prior strike may have been remote in time, it is bridged by nine subsequent convictions -- five of them felonies. And since 1993, defendant has 10 felonies, numerous other convictions, and is now serving his fifth prison stint.

Moreover, defendant's characterization of his current offense as nonviolent belies the extremely dangerous nature of his offense. With a passenger in tow, defendant ran a stop sign and fled police at over 100 miles per hour. And while defendant's offenses may have resulted from an addiction, that fact, if true, does not render the trial court's denial an abuse of discretion. (See *People v. Gaston* (1999) 74 Cal.App.4th 310, 322 [drug dependence not a mitigating circumstance where record contains no evidence of an attempt to treat the dependency].)

The trial court acted within its discretion in denying defendant's *Romero* motion.[3]

DISPOSITION

The judgment is affirmed.

/s/
Robie, J.

We concur:

/s/
Nicholson, Acting P. J.

/s/
Hoch, J.

---

**3** We briefly note, defendant relies on two distinguishable cases: *People v. Cluff* (2001) 87 Cal.App.4th 991 and *People v. Carmony* (2005) 127 Cal.App.4th 1066. In *Cluff*, the trial court abused its discretion in denying a *Romero* motion because the denial rested on a factual finding not supported by evidence in the record. (*Cluff*, at p. 1002.) And in *Carmony*, a third strike sentence was reversed as cruel and unusual (a prior opinion holding the denied *Romero* motion an abuse of discretion was reversed by the California Supreme Court). (*Carmony*, at pp. 1074, 1089.)