Filed 2/24/21  P. v. Sobb CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C085171 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF150044) |
| v. | |
| BRANDON PAUL SOBB, | |
| Defendant and Appellant. | |

On October 21, 2015, defendant Brandon Paul Sobb entered a negotiated no contest plea to first degree robbery in concert within an inhabited dwelling in exchange for no state prison at the outset and dismissal of the remaining counts (first degree burglary with person present, assault with a deadly weapon, and criminal threats) and allegations.  On December 14, 2015, the court suspended imposition of sentence and granted probation for a term of three years subject to certain terms and conditions including that he not possess any controlled substance or drug paraphernalia, submit his person, property, residence and vehicle to search, and complete a substance abuse treatment program.

1

A declaration for violation of probation filed March 6, 2017, alleged that defendant (1) failed to submit to a search of his residence and property, (2) possessed drug paraphernalia, and (3) failed to complete and was terminated from the Oakland Salvation Army residential substance abuse treatment program. After a contested hearing, the court sustained the first and second allegations but did not sustain the third.

Sentenced to state prison for the midterm of six years, defendant appeals, contending the trial court abused its discretion in denying his request for reinstatement on probation and imposing a midterm sentence.

We affirm.

## FACTUAL BACKGROUND

### The Conviction Crime

On January 5, 2015, defendant, John Palaca and Brian Lewis entered the home of J.C. and A.C., who were present. Palaca was armed with a baseball bat and Lewis was armed with a shotgun. After threatening J.C. and A.C. with the bat and gun, defendant, Lewis, and Palaca stole A.C.'s purse and cell phone and $30 from J.C.'s wallet.

### Probation Violation

On March 1, 2017, Sutter County Sheriff's Deputy Mark Hylen and other deputies went to defendant's home to conduct a probation search at the request of defendant's probation officer. The deputy had been instructed to determine whether defendant was in compliance with probation conditions and to confirm defendant's new residence address. Defendant answered the agent's knock on the front door and confirmed his identity. When informed that the deputy was there to conduct a search, defendant said he was not on probation and stepped back inside the house. The deputy believed defendant was about to flee, stepped into the house, grabbed defendant by his arm, and pulled him out of the house. Another deputy conducted a patdown search of defendant and found a glass pipe for smoking methamphetamine, which had been used. No additional items were found on or around defendant.

2

## Sentencing

In her original probation report, the probation officer recounted defendant's criminal history. He has three prior convictions for possession of a controlled substance and a 1998 conviction for possession for sale. He was sentenced to state prison for the 1998 conviction and when paroled, he violated parole several times. In 2006, defendant sustained two federal felony convictions, felon in possession of a firearm and failure to appear, and was sentenced to 11 months in federal prison and 36 months on supervised release. When released, defendant was convicted of misdemeanor domestic violence. While on probation, he committed the current offense. Defendant violated probation and parole numerous times. Defendant's risk assessment was "high violent." The then 43-year-old defendant reported to the probation officer that he started using methamphetamine at the age of 12 and last ingested it the morning of the robbery. The probation officer recounted the robbery offense in detail.

The probation officer noted defendant was presumptively ineligible for probation (Pen. Code, § 1203, subd. (e)(4) [two prior felony convictions]) and opined defendant did not present an unusual case for probation based on his criminal history. The probation officer listed eight factors against and one factor in favor of a grant of probation.[1] With

---

[1] The probation officer listed the following factors against probation: "The nature, seriousness, and circumstances of the crime as compared to other instances of the same crime" (Cal. Rules of Court, rule 4.414(a)(1)); "[t]he victims were vulnerable" (*id*., rule 4.414(a)(3)); "defendant inflicted emotional injury" (*id*., rule 4.414(a)(4)); "[t]he manner in which the crime was carried out demonstrated criminal sophistication or professionalism on the part of defendant" (*id*., rule 4.414(a)(8)); "defendant's prior record indicates a pattern of regular or increasingly serious criminal conduct" (*id*., rule 4.414(b)(1)); "defendant's prior performance on probation or parole was unsatisfactory" (*id*., rule 4.414(b)(2)); "defendant's ability to comply with reasonable terms of probation will be limited due to his substance abuse history, lack of employment history" (*id*., rule 4.414(b)(4)); and "defendant will be a danger to others if not imprisoned" (*id*., rule 4.414(b)(8)). As the sole factor in favor of probation, the probation officer stated that "defendant expressed a willingness to comply with terms of probation" (*id*., rule 4.414(b)(3)).

3

respect to the term of imprisonment, the probation officer listed eight factors in aggravation and none in mitigation.[2] The probation officer recommended that the trial court reject the negotiated plea "based on the seriousness of the present matter, and the threat the defendant poses to the community." Nevertheless, the court suspended imposition of sentence and granted probation for the robbery offense in accordance with the plea agreement.

In her supplemental report, the probation officer reported on defendant's repeated violations of probation by testing positive for methamphetamine on several occasions, by possessing a usable amount of methamphetamine on his person on one occasion, and by altering a drug test on another occasion. Although defendant was accepted into the residential substance abuse treatment program and spent three and one-half months in the program, he left the program purportedly to help his family members who were suffering financial hardship.[3] Defendant then attended an outpatient program. The probation officer recommended that the court deny probation and impose the upper term. The prosecutor concurred with the recommendation of the upper term of nine years.

---

[2] The probation officer listed the following factors in aggravation: "[T]he crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness" (Cal. Rules of Court, rule 4.421(a)(1)); "defendant induced others to participate in the commission of the crime or occupied a position of leadership or dominance of other participants in its commission" (*id*., rule 4.421(a)(4)); "The manner in which the crime was carried out indicates planning, sophistication, or professionalism" (*id*., rule 4.421(a)(8)); "defendant has engaged in violent conduct which indicates a serious danger to society" (*id*., rule 4.421(b)(1)); "defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness" (*id*., rule 4.421(b)(2)); "defendant has served a prior prison term" (*id*., rule 4.421(b)(3)); "defendant was on probation when the crime was committed" (*id*., rule 4.421(b)(4)); and "defendant's prior performance on probation or parole was unsatisfactory" (*id*., rule 4.421(b)(5)).

[3] The probation officer noted that defendant was last employed in 2010.

In a statement in mitigation, defense counsel requested reinstatement on probation or, in the alternative, the low term of three years. Defense counsel argued defendant's participation in the robbery was "passive," "unplanned," "minimal," and "accidental," claiming he was not the leader of the group and only went to the house to talk to a resident. Defendant believed he had a "claim or right to the property"—he believed the residents were responsible for taking the property of his cousin. Defense counsel noted that defendant did not inflict injuries on the victims, claimed defendant left the residential treatment program because his family was homeless, and argued defendant's recent record included only nonviolent, drug-related offenses and parole/probation violations. Defense counsel stated that defendant was an addict who admitted his addiction, participated in treatment, but relapsed and tested positive. Defense counsel claimed defendant was willing and able to comply, was remorseful, and his imprisonment would be detrimental to his family.

The trial court recognized defendant was addicted to methamphetamine but noted he was given an opportunity to address his addiction and failed. In denying reinstatement on probation, the court cited defendant's poor performance while on probation for the current offense. The court concluded defendant was not trying to rehabilitate himself, and rejected his excuse that he left the residential treatment program to help his family as making no sense because defendant was not employed. (See fn. 3, *ante*.)

The court rejected defense counsel's claims in mitigation, concluding defendant did not play a passive or minor role but of the three perpetrators, defendant was "probably third in terms of activity." The court concluded defendant could not be trusted, rejecting his claim that he was induced to participate. The court also rejected defense counsel's claim that defendant exercised caution to avoid harm to persons or damage to property by staying downstairs while the other two defendants were upstairs. The court found defendant's claim of right to be in conflict with his other claims he did not fully participate. The court also rejected defendant's claim he was motivated by a desire to

5

provide necessities to family in seeking to return his cousin's property, stating "that's not the way you do it".

In imposing the midterm, the court noted the probation report cited eight factors in aggravation and none in mitigation.

## DISCUSSION

Defendant contends that the trial court abused its discretion in refusing to reinstate him on probation and in imposing the midterm. He argues the evidence shows he is suffering from an addiction to methamphetamine but he demonstrated a willingness to participate in a drug program. Defendant argues his probation violations were not felonies and did not constitute violent criminal activity. He asserts a low term was more appropriate as an alternative to probation, arguing the mitigating factors outweighed the relevant aggravating factors. We reject defendant's contentions.

Because defendant was presumptively ineligible for probation based on his two prior felony convictions, a grant of probation is not permissible "[e]xcept in unusual cases where the interests of justice would best be served if the person is granted probation." (Pen. Code, § 1203, subd. (e).) " 'Probation is an act of clemency which rests within the discretion of the trial court, whose order granting or denying probation will not be disturbed on appeal unless there has been an abuse of discretion.' " (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831.) In other words, defendant is required to show that the trial court exercised its discretion in an arbitrary or capricious manner. (*People v. Warner* (1978) 20 Cal.3d 678, 683.) "[I]t is not our function to substitute our judgment for that of the trial court." (*Du*, at p. 825.)

In refusing to reinstate defendant on probation, the trial court noted that defendant was ineligible and had already been given an opportunity but had failed to rehabilitate himself. While on probation for the current offense, the court noted defendant had tested positive for methamphetamine many times and possessed methamphetamine and that allegations about these violations were not filed by the probation officer who attempted

6

to work with defendant at succeeding on probation. Defendant's long-term addiction to methamphetamine is not a mitigating factor where, as here, defendant chose to continue to use drugs and chose to walk away from a residential drug treatment program. (*People v. Gaston* (1999) 74 Cal.App.4th 310, 322; *In re Handa* (1985) 166 Cal.App.3d 966, 974.) Defendant has failed to demonstrate that the trial court abused its discretion in denying reinstatement on probation.

One aggravating factor is sufficient to support an upper term sentencing choice (*People v. Steele* (2000) 83 Cal.App.4th 212, 226), so the trial court would have been well within its discretion to sentence defendant to the upper term. Instead, the trial court, showing leniency chose the midterm. In doing so, the court acknowledged the eight aggravating factors listed in the probation report. The aggravating factors related to the robbery offense, the facts of which reflect that defendant posed a serious danger to society, and defendant's criminal history which was extensive. The court rejected defendant's claims of mitigation. We conclude the trial court did not abuse its discretion in selecting the midterm.

## DISPOSITION

The judgment is affirmed.


                                        /s/
                                    MURRAY, J.


We concur:


      /s/
HULL, Acting P. J.


      /s/
DUARTE, J.


7