Filed 8/11/22 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | G060302 |
| v. | (Super. Ct. No. 21NF0914) |
| DANNY RAY BEASLEY, | ORDER DENYING PETITION FOR REHEARING AND MODIFYING OPINION; NO CHANGE IN JUDGMENT |
| Defendant and Respondent. | |

The opinion filed July 21, 2022, is hereby modified in the following particulars:

1. On page 6, bottom of the page, footnote 3, add the following language after the existing footnote text:

"Likewise, we cannot accept Beasley's contention that Judge Lo need not articulate his own reasons, but could presume Judge Makino knew and followed the applicable sentencing laws and rely on that presumption as a "reason" for striking the strike priors. This would, of course, make review impossible, thereby eviscerating the statutory scheme. (See Pen. Code, § 1385, subd. (a) ["The reasons for the dismissal must be set forth in an order entered upon the minutes."]; see also *People v. Carmony*, *supra*, 33 Cal.4th at p. 378 ["the three strikes law . . . carefully circumscribes the trial court's

power to depart from this norm and requires the court to explicitly justify its decision to do so"].)  For this reason, we reject this contention out of hand."

This modification does not effect a change in the judgment.

The petition for rehearing filed August 4, 2022, is DENIED.


BEDSWORTH, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MARKS, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 7/21/22 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Appellant, | G060302 |
|       v. | (Super. Ct. No. 21NF0914) |
| DANNY RAY BEASLEY, | O P I N I O N |
|     Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Thomas James Lo, Judge. Reversed.

Todd Spitzer, District Attorney, and Matthew O. Plunkett, Deputy District Attorney, for Plaintiff and Appellant.

Kessler & Seecof and Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Respondent.

\*         \*         \*

Felony sentencing is among the hardest of the many hard things trial judges are required to do. No matter how offensive the defendant's conduct, no matter how heinous the crime, when it comes time to sentence, there is a human being standing before you – often with friends, family . . . children, right behind. You do not get to sentence the crime, you have to sentence the *criminal,* the person who committed the offense. If you don't sometimes find that difficult, you should consider another line of work.

Because these decisions are so hard, the law accords great deference to the trial judges who make them. And appellate courts, dealing with a lifeless record, are reluctant to lay claim to any greater wisdom than that of the judge who dealt with living, breathing people standing in his/her courtroom.

But we need the sentencing judge to provide *reasons* for those sentencing decisions. They don't have to be reasons we agree with. If they make sense, we will accept them, regardless of whether they correspond to what we would have done. But they have to make sense. This case provides no such reasons so we have to send it back for reconsideration.

Danny Ray Beasley, who has a lengthy criminal history, was on parole from a 25-to-life sentence when he committed this first degree robbery. He used a knife in the commission of the offense, which exposed him to a maximum sentence of at least 35 years to life. The trial court dismissed all three of Beasley's prior strike convictions, his three prior serious felony convictions and the weapon-use enhancement, and sentenced him to the low term of two years in prison. The district attorney objected and filed this appeal. As discussed below, we conclude the trial court's order dismissing the prior strike convictions plainly "fell outside the bounds of reason under the applicable law and the relevant facts." (*People v. Williams* (1998) 17 Cal.4th 148, 164 (*Williams*).) Accordingly, we reverse the judgment and remand the matter to allow Beasley an opportunity to withdraw his guilty plea.

# I

## FACTUAL AND PROCEDURAL BACKGROUND

On March 29, 2021, the district attorney filed an amended complaint alleging Beasley committed second degree robbery and personally used a knife in the commission of the crime. It was further alleged that Beasley had previously suffered three convictions for offenses constituting "strikes" within the meaning of the Three Strikes law, and "serious felon[ies]" within the meaning of Penal Code section 667, subdivision (a)(1). These three convictions were alleged to have occurred in 1991, 1992, and 1998.

On April 20, 2021, respondent pled guilty to robbery. He also admitted the weapon-use enhancement and that he had suffered the alleged prior convictions. The factual basis for the guilty plea was: "on February 27, 2021, I willfully took property from Pizza Hut employee Bella B. by fear without permission. I also used a knife in the commission of the offense."

Before taking the plea, Judge Thomas Lo noted that Beasley was facing a maximum sentence of 35 years to life.[1] Judge Lo also noted the prior judge, Judge Makino, had indicated to Beasley that he would strike the strike priors and impose a two-year term in state prison. Beasley acknowledged he understood he would receive the indicated disposition if he pled guilty.

The deputy district attorney opposed the dismissal of the strikes, arguing Beasley's conduct did not fall outside the spirit of the Three Strikes Law. She argued Beasley had been committing crimes almost his entire adult life, with only prison terms separating the crimes, and the crimes were increasing in seriousness. She noted that Beasley was convicted of first degree burglary when he was 18 years old (after an earlier misdemeanor conviction) and received a two-year prison sentence. When he was 20

---

[1] On appeal, Beasley argues Judge Lo was incorrect and that his maximum exposure was 41 years to life. The district attorney concurs.

years old, he again was convicted of first degree burglary and sentenced to seven years. When he was 25 years old, he was convicted of evading a police officer, *causing death*. In that case, while evading the police he drove into a parked vehicle resulting in the death of an occupant. As part of a plea bargain, Beasley was sentenced to 25 years to life. He was released from prison on April 29, 2020, and 10 months later, while still on parole, committed the instant offense on February 27, 2021.

The victim provided an abbreviated impact statement via livestream. She stated she did not want Beasley released and "[t]hat day really terrified me," before she was unable to continue because of her emotions. The deputy district attorney also stated the victim, who was a manager at the store, had recently confided she has not been able to return to work because of the mental trauma.

Judge Lo stated for the record that he was not involved in the discussions and negotiations regarding the indicated disposition, although he "appreciate[d] everyone's comments." Rather, "as a matter of courtesy and convenience, I am trying to take the plea for Judge Makino, and so this is his indicated." After Beasley made his plea, Judge Lo stated he would exercise his sentencing discretion and "honor" Judge Makino's indicated disposition because: "[t]he degree of monetary loss in the current offense was not substantial; the defendant acknowledged wrongdoing at an early stage of the criminal process in the current case; and the strike prior convictions alleged are over 23 years old." He further stated that in exercising his discretion, he "considered the general objectives of sentencing, including protection of society, punishment of the defendant, deterring the defendant from future criminal conduct and uniformity in sentencing." Judge Lo also struck the weapon-use enhancement in the interests of justice for sentencing purposes, and imposed the low term of two years in state prison.

## DISCUSSION

The district attorney argues the trial court abused its discretion in dismissing all three of respondent's strike convictions.  We agree.

As an initial matter, Beasley contends the district attorney's sentencing challenge improperly relies on facts of his prior convictions set forth in the prosecutor's arguments, which the trial court could disregard.  The record, however, is absent any indication that the trial court disregarded or excluded those facts.  Indeed, the trial court stated he "appreciate[d]" the prosecutor's comments.  In addition, Beasley did not object below, and on appeal, does not identify any facts of his prior convictions that are inaccurate.  Accordingly, we may properly consider those facts.  (See *People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1104 *(Mayfield)* [reviewing court may properly consider information in appellate brief pertaining to defendant's criminal history based on sentencing brief where appellant did not object below and on appeal does not identify any specific inaccuracies].)

Penal Code section 1385, subdivision (a), provides that a "judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal shall be stated orally on the record."[2]  Pursuant to section 1385, subdivision (a), a trial court may dismiss a prior strike allegation in the furtherance of justice. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530-531.)

A court's "great power" to dismiss a prior strike conviction "should only be used in 'extraordinary' circumstances, when the ends of justice demand it."  (*Mayfield*, *supra*, 50 Cal.App.5th at p. 1105, citing *People v. Carmony* (2004) 33 Cal.4th 367, 378, and *People v. Strong* (2001) 87 Cal.App.4th 328, 337-338.)  In exercising its discretion,

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, supra, 17 Cal.4th at p. 161.) "And, of course, the court must remember the Three Strikes law is not discretionary in nature. Rather, the law *must* be applied when the defendant has two or more prior strikes, unless the court concludes an exception to the law should be made because, *for articulable reasons that can withstand scrutiny for abuse*, the defendant lies outside the spirit of the law such that he should be treated as though he had not previously been convicted of one or more strikes." (*Mayfield*, *supra*, 50 Cal.App.5th at p. 1105.)

Here, the trial court's stated reasons for striking all three of Beasley's strike priors do not withstand scrutiny. The first stated reason[3] was that "the degree of monetary loss in the current offense was not substantial," which is a factor relating to the present offense. However, the fact Beasley would resort to using a weapon to rob someone of such a small amount of money suggests he would pose a *greater* danger to society than if he had limited his robberies to persons with large sums of money; we cannot accept that. Moreover, the trial court did not find – and the record does not support an implied finding – that the amount of money stolen was "deliberately small." Beasley took all he could get; this was not a matter of limiting his damage, it was a matter of the easiest target not having a lot. (See Cal. Rules of Court, rule 4.423, subdivision (a) [listing mitigating factors].) In sum, this stated reason does not support dismissal of the strikes.

---

[3] We do not include as a "reason" the trial judge's statement that he was imposing the sentence as a courtesy to another judge. That simply cannot seriously be argued as a justification without an indication of what factors the other judge considered.

Another stated reason was "the strike prior convictions alleged are over 23 years old." This can only be read as an indication of the sentencing judge's uncritical endorsement of his colleague's indicated sentence, and the fact neither of them gave much thought to the reason the priors were old. The reason Beasley's priors were old is that he had been *in prison* for most of the past 23 years for his third strike offense in 1998. *He was still on parole* when he committed the instant offense. Beasley plainly has not shown that his strike priors led him to reform his life. (*Mayfield*, *supra*, 50 Cal.App.5th at p. 1107 ["older strike convictions do not deserve judicial forgiveness unless the defendant has used them as a pivot point for reforming his ways"].)

A prior conviction may be stricken if it is remote, but "[a] prior strike conviction is not considered 'remote' for the purposes of mitigation where the defendant has not demonstrated a prolonged period of rehabilitation (a crime free life) in the interim." (*People v. Vasquez* (2021) 72 Cal.App.5th 374, 390.) "In analyzing whether a defendant's prior criminal conduct was 'remote,' a trial court should consider whether the defendant 'was incarcerated a substantial part of the intervening time and thus had little or no opportunity to commit' additional crimes." *(Ibid.*; see also *People v. Gaston* (1999) 74 Cal.App.4th 310, 311-312 [the remoteness in time of the vacated strike priors was not significant in light of defendant's continuous crime spree, which had substantially spanned his entire adult life. Indeed, defendant was on parole when the present crime was committed]; *People v. Steele* (2002) 27 Cal.4th 1230, 1244-1245 [defendant's prior crime was not "remote" under an Evidence Code section 352 analysis where defendant spent many years in prison during the intervening period].) Thus, the 23 years between the last strike offense and the current offense cannot support dismissal of the strikes.

Finally, the trial court found that the defendant acknowledged wrongdoing at an early stage of the criminal process, which is a recognized mitigating factor. (Cal. Rules of Court, rule 4.423(b)(8).) "While this circumstance is relevant to our analysis, . . . the mere presence of some mitigating circumstances cannot insulate a trial

7

court's decision to strike a prior strike conviction against a charge of abuse of discretion." (*Mayfield*, *supra*, 50 Cal.App.5th at p. 1109.) Here, this lone mitigating factor stands in contrast to the numerous aggravating factors. But its impact pales to the point of vanishing in light of the fact he was admitting guilt in exchange for a sentence so low as to beggar the word "lenient." The circularity of reasoning involved in allowing *acceptance* of a sentence outside the mandates of the Three Strikes law to justify that sentence seems obvious to us.

In opposition to these "mitigating factors" are egregious aggravating factors. Those include that: the crime involved the use of a weapon (Cal. Rules of Court, rule 4.421(a)(2)); defendant has served multiple prior prison terms (Cal. Rules of Court, rule 4.421(b)(3)); defendant was on parole when the crime was committed (Cal. Rules of Court, rule 4.421(b)(4)); and defendant's prior performance on probation and parole was unsatisfactory (Cal. Rules of Court, rule 4.421(b)(5)). Additionally, there is nothing in the record pertaining to Beasley's background, character, or prospects that would militate against application of the Three Strikes law.

In sum, the trial court abused its discretion in striking all three of Beasley's strike priors. Beasley asks that if we reverse, he should be provided an opportunity to present mitigating evidence or to withdraw his plea. We conclude the proper remedy is to reverse the judgment and remand the matter to allow the defendant to withdraw his guilty plea. "All charges and enhancements will be reinstated and the case returned to status quo ante the court's offer." (*Mayfield*, *supra*, 50 Cal.App.5th at p. 1109.) We also find it unnecessary to consider the district attorney's claim that, not only did the trial court abuse its discretion in striking Beasley's prior strike conviction, it abused its discretion by striking his prior serious felony convictions and the weapon-use enhancement. Whether Beasley deserves to have one or more of those enhancements stricken is something the trial court can revisit should it be in a position to resentence him in the future, and we express no opinion on that issue at this stage of the proceedings.

8

The Three Strikes law has come in for its fair share of well-deserved criticism. There are many situations in which trial courts will reasonably and justifiably find reason to depart from its strictures. The law allows for that, and we are loath to second-guess such highly-individualized decisions when presented with a record that includes such reasons. This record does not.

### III

#### DISPOSITION

The judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion.


BEDSWORTH, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MARKS, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9