Filed 4/26/22  P. v. Williams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C091865 |
| Plaintiff and Respondent, | (Super. Ct. No. CH036654) |
| v. | |
| JOEL LEE WILLIAMS, | |
| Defendant and Appellant. | |

A jury found defendant Joel Lee Williams guilty of a single count of possession of a weapon by an inmate and the trial court found true an allegation defendant had received a prior strike conviction.  On appeal, defendant contends the trial court abused its discretion when it denied his request to strike the prior strike conviction under Penal

1

Code section 1385[1] and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). We will affirm the judgment.

BACKGROUND

The prosecution charged defendant with one count of possession of a weapon by an inmate. (§ 4502, subd. (a).) The prosecution also alleged defendant had a prior strike conviction (§ 667, subds. (b)-(i)) for a 2007 burglary conviction.

At trial, a correctional officer testified he searched defendant's cell. During the search, he and another officer found three sharpened pieces of metal concealed in defendant's typewriter. The officer explained inmates typically sharpen metal objects to use as weapons that can injure or kill staff or other inmates. Another officer opined the items found in defendant's typewriter had been sharpened to use as weapons. Defendant testified there were no weapons in his typewriter and that the weapons had been planted.

Defendant admitted the prior strike conviction allegation. The jury then found him guilty of the weapon possession count. Before sentencing, defendant filed a motion asking the trial court to strike his prior strike conviction. In the motion, defendant argued the current offense was "not violent or life-threatening," defendant's sentence would be "unduly harsh" with the prior strike, and defendant had been "respectful to the Court and cooperative with the security detail during trial."

At the sentencing hearing, the trial court indicated it had considered granting the motion and imposing the midterm sentence of three years or denying the motion and imposing the lower term of two years, doubled by the prior strike, for a four-year sentence. The prosecution argued defendant's 2007 conviction involved "fairly serious crimes," including burglary, robbery, and assault, as well as weapon enhancements. Moreover, as an inmate, defendant should have had a general disincentive to commit

---

[1] Undesignated statutory references are to the Penal Code.

further crimes, but still committed the current offense. Finally, weapon possession in prison is a serious crime because it contributes to violence. The prosecution asked the court to deny the motion and impose the midterm sentence. Defendant responded that he was not a violent person and there was not a weapon in the typewriter.

The trial court explained it had reviewed defendant's motion, as well as the probation report in the case. The court then denied the motion, saying, "I am going to deny the *Romero* motion, taking into consideration, the seriousness of having a weapon and for our purposes, I must follow what the jury concluded and I will follow what the jury concluded." The court acknowledged defendant had conducted himself well in court and noted the lack of handles on the weapons indicated defendant had not had immediate plans to use them. The court also observed defendant's prior strike conviction had occurred 13 years ago. The court then imposed the lower term of two years, doubled for the prior strike, for a total of four years.

## DISCUSSION

Defendant contends the trial court abused its discretion when it denied his *Romero* motion because "the facts on the record substantially were in appellant's favor and no reasonable person could agree with the trial court's decision." We disagree.

Trial courts have wide discretion to determine whether to strike a prior strike under *Romero* and must decide "whether, in light of the nature and circumstances of his [or her] present felonies and prior serious and/or violent felony convictions, and the particulars of his [or her] background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he [or she] had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) We review the decision to deny a motion to dismiss a prior strike for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 371, 375 (*Carmony*).)

3

As our high court explained in *Carmony*, "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra*, 33 Cal.4th at pp. 376-377.)

We are also mindful that "the three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper. [¶] In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]." (*Carmony, supra*, 33 Cal.4th at p. 378.) Where the trial court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation]." (*Ibid.*)

Here, the trial court was aware of its discretion to strike the prior conviction and considered how such a decision could factor into its sentencing scheme. It reviewed and considered defendant's moving papers, which discussed many of the factors defendant now raises, including the nature of the current offense, the length of his sentence, and his

4

good behavior in the courtroom.  The court also reviewed the probation report, which detailed defendant's criminal history.[2]  And, as defendant acknowledges, the court noted the age of defendant's prior strike conviction and his positive demeanor in court, and ultimately imposed the lower term as a result of these factors.  Although the trial court expressly referenced only the serious nature of the offense when it denied the motion, we presume the court actually considered, and based its decision on, all of the relevant factors, including the factors discussed in defendant's motion.  (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

Defendant contends the trial court's statement that "I am going to deny the *Romero* motion, taking into consideration, the seriousness of having a weapon and for our purposes, I must follow what the jury concluded and I will follow what the jury concluded," means that the court denied the motion simply because the jury found him guilty.  But the statement as to "the seriousness of having a weapon" was made following the prosecution's argument that weapon possession crimes in a prison context are particularly serious crimes because they contribute to institutional violence.  The court had also heard extensive testimony at trial about the dangers of weapon possession in prison and the dangers presented by defendant's weapons, in particular.  The nature and circumstances of defendant's current conviction were appropriate for the court to consider when it denied the motion.  (*People v. Williams, supra*, 17 Cal.4th 148 at pp. 162-163.)  And the court's statement that it "must follow what the jury concluded" came immediately after defendant's argument that "there was no knife in that typewriter," and thus, in context, reads only as an acknowledgment by the court that it could not credit defendant's argument because of the jury's findings.

---

[2]  The probation officer noted she was unable to provide details about defendant's personal background because defendant did not submit any information or participate in an interview.

Nor did the fact that "no violence was involved in the current offense" require the trial court to grant the motion. (See *People v. Strong* (2001) 87 Cal.App.4th 328, 344 [reversing an order granting a *Romero* motion based on the nonviolent nature of the current offense because "the nonviolent or nonthreatening nature of the felony cannot alone take the crime outside the spirit of the law"]; see also *People v. Poslof* (2005) 126 Cal.App.4th 92, 108 [even though the current crime, failing to register as a sex offender, was nonviolent, denial of the *Romero* motion was not an abuse of discretion]; *People v. Gaston* (1999) 74 Cal.App.4th 310, 321 [although the current crime of car theft was "not as serious as many felonies," it was "far from trivial"].) As the trial court stated, it was initially unsure about whether it would grant the motion, but after considering the relevant facts, including those that were favorable to defendant, ultimately concluded the seriousness of the offense required denial of the motion. There is no indication the court considered impermissible factors or exercised its discretion in a way that was irrational, arbitrary, or capricious. (*Carmony, supra*, 33 Cal.4th at p. 378.) Accordingly, there was no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

_____\s\_____,
BLEASE, Acting P. J.

We concur:

_____\s\_____,
DUARTE, J.

_____\s\_____,
HOCH, J.