Filed 10/25/23  P. v. Meredith CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D082243 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF2002655) |
| RODNEY MITCHELL MEREDITH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Louis R. Hanoian, Judge.  Affirmed.

Alissa Bjerkhoel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, A. Natasha Cortina, Supervising Deputy Attorney General, Christine M. L. Bergman and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

In this appeal, we consider and reject Rodney Mitchell Meredith's sole contention that the trial court abused its discretion in denying his motion to dismiss two strike prior convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

The evidence at trial established that sometime in the early morning of July 28, 2020, S.H. was shot in the left leg in the parking lot between a motel and diner. He underwent surgery to repair a broken femur as a result of the gunshot wound. Police obtained surveillance footage from the motel and diner. It showed that Meredith emerged from his motel room with a semiautomatic handgun at about 1:30 a.m. on July 27, approached S.H., raised his right hand and "possibly fired" a shot at S.H. In response, S.H. ducked and crouched, and then walked away while Meredith returned to his room. At about 1:54 a.m., Meredith returned to the parking lot with the handgun. He raised it to a shooting position, fired it, brought it down to his side, placed the gun in his waistband, and returned to his room. Police found two spent 9-millimeter shell casings in the parking lot that came from a Glock-type pistol. After Meredith was arrested four hours later at a nearby location, police found an unexpended 9-millimeter round in his motel room that had the same head stamp as the two fired shell casings found in the parking lot.

A jury convicted Meredith of assault with a semi-automatic firearm (Pen. Code,[2] § 245, subd. (b); count 1); possession of a firearm by a person prohibited (§ 29800 subd. (a)(1); count 3); possession of ammunition by a

---

[1]  We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]  All further undesignated statutory references are to the Penal Code.

person prohibited (§ 30305 subd. (a); count 4); and misdemeanor possession of a controlled substance (§ 11377 subd. (a); count 5). The jury was unable to reach a verdict on a second count of assault with a semi-automatic firearm and the attendant allegations that Meredith personally used a firearm (§ 12022.5, subd.(a)) and personally inflicted great bodily injury on the victim (§ 12022.7, subd.(a).) After the trial court declared a mistrial as to that count and those allegations, the People dismissed them.

The People alleged Meredith had suffered three prior convictions—a January 17, 1991 first degree burglary (Case No. NA05570), a January 17, 1991 first degree burglary (Case No. NA005602), and a 1994 assault (Case No. NA018143)—which qualified as serious felony offenses (§ 667, subd. (a)) and strike offenses (§§ 667, subds. (c), (e)(2)(A); 1170.12, subd. (c)(2)). He waived jury trial as to the truth of the prior convictions. After the jury returned its verdicts, the trial court found the 1994 assault conviction was neither a serious felony nor a strike offense. Meredith then admitted he had suffered the two first degree burglary offenses and that they qualified as serious felony and strike offenses.

At sentencing, the trial court denied Meredith's *Romero* motion to dismiss the remaining two strike prior convictions. Defense counsel argued "the age of the strikes alone make this case worthy of taking it out of the three-strikes scheme, and that it would be fair for [the court] to strike [at least] one strike." Defense counsel also asserted the two first degree residential burglary convictions "are from the same day." The People responded the conviction dates were the same but they "are two different cases," and Meredith's recidivism and "significantly violent" conduct in the present case brought him within the spirit of the Three Strikes law.

3

The trial court agreed with the People. Although it found the strikes were "very old" and that would be a factor in favor of dismissing a strike, the court found Meredith had not lived a "crime-free" life in the 30-plus years since his 1991 strike convictions. Instead, he had "spent most of the 30 years -- between 1991 and 2020 -- in prison." "[M]ore troubling" to the court was the "violent nature" of Meredith's current offenses, particularly because he was prohibited from possessing a firearm as a convicted felon. It stated: "He fired [a gun] at another person, and I am of the opinion that that is not something that deserves the striking of strike[.]" The court sentenced Meredith to a total term of nine years followed by 25 years to life.[3]

We review a trial court's failure to strike a prior conviction allegation for abuse of discretion. (*People v. Williams* (1998) 17 Cal.4th 148, 162 (*Williams*).) Absent showing that the court acted arbitrarily or irrationally, we presume that the court " ' "acted to achieve [the] legitimate sentencing objectives [of the Three Strikes law], and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377 (*Carmony*).) No abuse of discretion appears on this record.

Trial courts have the discretion to dismiss "strike" prior convictions in limited cases (*Romero*, *supra*, 13 Cal.4th at p. 530) where the dismissal is "in furtherance of justice" (§ 1385; *People v. Thimmes* (2006) 138 Cal.App.4th 1207, 1213). The court determines "whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or

---

3    The court imposed the middle term of four years on count 3 (§ 29800, subd. (a)(1)) plus five years for the serious felony prior (§ 667, subd. (a)); stayed punishment on count 4 (§ 30305, subd. (a)) pursuant to section 654; and imposed an indeterminate term of 25 years to life on count 1 (§ 245, subd. (b)) pursuant to the Three Strikes law (§ 667, subds. (b)-(i); 1170.12).

violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, *supra*, 17 Ca.4th at p. 161.) Relevant here, "[a] repeat criminal falls outside the spirit of the Three Strikes law only in extraordinary circumstances." (*People v. Anderson* (2019) 42 Cal.App.5th 780, 786, citing *Carmony*, *supra*, 33 Cal.4th at p. 378; see *People v. Gaston* (1999) 74 Cal.App.4th 310, 320 (*Gaston*) [unrelenting record of recidivism compels conclusion that defendant falls within the spirit of the Three Strikes law].)

Meredith, who was 52 years old at the time of trial, was committed to the California Youth Authority (CYA) at the age of 15 for an unspecified offense. In the year following his parole from CYA, he was convicted of six offenses, including carrying a concealed firearm in a vehicle, a misdemeanor, and burglary. In 1994, he went to state prison on a seven-year sentence for assault and was returned to prison for multiple parole violations. He continued to reoffend with numerous convictions in 2001 and 2004. Then in 2005, he was sentenced to a 13-year prison term for sale or transportation of a controlled substance. He was paroled in October 2018. A little over two years later, and months before trial on the instant offenses, he was convicted of petty theft, stalking, and domestic battery, "which is plainly a 'crime[ ] involving actual violence.' " (*Williams*, *supra*, 17 Cal.4th at p. 164.) During trial, Meredith was also facing pending charges for unlawful taking of a vehicle.

This is not an "extraordinary case" where the evidence "manifestly support[s] the striking of a prior conviction and no reasonable minds could differ." (*Carmony*, *supra*, 33 Cal.4th at p. 378.) A reasonable judge would

5

find that Meredith's criminal history shows an "unrelenting record of recidivism," with increasing violence, such that he falls within the spirit of the Three Strikes law. (*Gaston*, *supra*, 74 Cal.App.4th at p. 320.)

## DISPOSITION

The judgment is affirmed.


DO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.